IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PALMETTO PROPERTIES, INC., )
et al., )
 )
              Plaintiffs, )
 )
v. )   No.  04 C 5128
 )
COUNTY OF DU PAGE, et al., )
 )
             Defendants. )

## MEMORANDUM OPINION AND ORDER

County of DuPage ("County"), one of the defendants in this 42 U.S.C. §1983 ("Section 1983") action, has moved to strike Count II of the Complaint--a count that challenges a section of County's Zoning Ordinance and a related provision of the Illinois statutes on the premise that their application to plaintiffs' proposed site violates the First Amendment. Because that contention is legally frivolous, this Court denies the motion to strike.

As County's counsel would have it, once a legislative provision survives scrutiny in terms of its facial validity, no "as applied" challenge is cognizable as a constitutional matter. Here is how County's Amended Mem. 2-3 stakes out County's position:

> In this case the Plaintiffs incorporated every allegation from their "facial" challenge of Count I as part of their "as applied" challenge of Count II. Accordingly, to the extent that Count II contains factual matters that solely relate to the contention that the Zoning Ordinance is facially unconstitutional, that count contains immaterial allegations that ought

to be struck pursuant to Federal Rule 12(f). But more importantly, because the <u>City of Renton v. Playtime Theaters</u>, 475 U.S. 41 (1986) and its progeny do not extend their First Amendment analysis to "as applied" challenges to locational requirements of local ordinances, Plaintiffs cannot assert a cause of action premised on the denial of their First Amendment rights in this instance. Once a regulation passes muster as being a constitutional "time, place and manner" restriction, the First Amendment inquiry into the validity of that regulation is completed. It is unrealistic to expect legislatures to consider every minutia affecting the application of their enactments.

In the present case, after the First Amendment allegations are pared from Count II all that remains is a state law issue involving the reasonableness of a zoning regulation "as applied" to a particular property. Count II of the Plaintiffs' Complaint presents no Federal question in the absence of their First Amendment allegations. Being left with just a state law issue, Count II must be stricken for the additional reason set forth in the County's Motion--failure to exhaust administrative remedies.

That untenable contention has put this Court in mind of the British Army Band's accompaniment of General Cornwallis en route to the surrender to then General Washington at Yorktown, when it played "The World Turned Upside Down." County's counsel have turned constitutional doctrine upside down, and County's surrender is equally in order.

More than six decades have passed since <u>Watson v. Buck</u>, 313 U.S. 387, 402 (1941) explained what was even then well-established doctrine:

> A law which is constitutional as applied in one manner may still contravene the Constitution as applied in another. Since all contingencies of attempted enforcement cannot be envisioned in advance of those applications, courts have in the main found it wiser to

2

> delay passing upon the constitutionality of all the
> separate phases of a comprehensive statute until faced
> with cases involving particular provisions as
> specifically applied to persons who claim to be
> injured. Passing upon the possible significance of the
> manifold provisions of a broad statute in advance of
> efforts to apply the separate provisions is analogous
> to rendering an advisory opinion upon a statute or a
> declaratory judgment upon a hypothetical case. It is
> of course conceivable that a statute might be
> flagrantly and patently violative of express constitu-
> tional prohibitions in every clause, sentence and
> paragraph, and in whatever manner and against whomever
> an effort might be made to apply it.

Such facial invalidity is thus a narrow exception to "the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court" (Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973)). Indeed, facial invalidation should be employed "sparingly and only as a last resort" (id. at 613).

Hence such cases as Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 796-98 (6th Cir. 2004) and Ebel v. City of Corona, 767 F.2d 635, 637-39 (9th Cir. 1985) have directly addressed and sustained as-applied constitutional challenges to adult-use zoning ordinances similar to the ordinance at issue here--and have done so even though those ordinances survived facial scrutiny in constitutional terms. It is simply not true that plaintiffs here are relegated to state law, rather than federal constitutional, claims. As indicated at the outset, County's motion to strike is denied, and it is

3

ordered to answer Complaint Count II on or before March 9, 2005.

                                        */s/ Milton I. Shadur*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:    February 23, 2005