IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PALMETTO PROPERTIES, INC.,
et al.,

          Plaintiffs,

v.                            No. 04 C 5128

COUNTY OF DU PAGE, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

When this Court is confronted with a responsive pleading that exhibits one or more of the most common fundamental pleading errors that are committed by defense counsel (as regrettably occurs all too often), it most frequently issues a short written opinion that identifies the offending paragraphs and that refers counsel to the Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001), which sets out and expands on those errors. In this instance, however, the original Answer filed by County of DuPage ("County") had arrived in chambers shortly before the February 10, 2005 presentment date that County's counsel scheduled for its contemporaneously-filed Fed. R. Civ. P. ("Rule") 12(f) motion to strike certain allegations in the Complaint and Rule 12(b)(6) motion to dismiss Complaint Count II. So this Court instead did the job in an oral ruling on that presentment date, in which it specified chapter and verse of the flawed portions of the Answer and cited the State Farm opinion to County's counsel.

In purported compliance with that oral ruling, which had concluded by striking the original Answer and granting leave to file an Amended Answer ("AA") on February 24, County's counsel has indeed filed a document bearing that caption--and it seems as though this Court had been talking only to the wall in providing counsel with a detailed explanation of what was wrong with the original Answer. Many of the AA paragraphs ring varying changes on the type of disclaimer that is expressly contemplated by, and is stated with precision in, the second sentence of Rule 8(b), but inexplicably not one of those variations has it right (see AA ¶¶1, 5, 6, 8, 11-15, 17, 21, 22, 29 and 33). Yet no special acumen is required to read and to conform to the plainly-spelled-out requirements of Rule 8(b)'s second sentence--it is almost as though, through some mysterious mutation of Newton's law of the conservation of energy, the acquisition of a J.D. degree can sometimes carry with it a loss of command of basic English.

As chance would have it, on February 23--just one day before County's counsel filed the AA--this Court had issued a memorandum opinion and order that rejected County's motion to strike Complaint Count II and ordered County to answer Count II on or before March 9. Such rejection also inherently carried with it the rejection of County's motion to strike various of the Complaint's allegations, which were not responded to in the AA

2

(see AA ¶¶19, 20, 22 and 26-28).[1] To avoid the need for piecemeal pleading, County's counsel are ordered to file a self-contained Second Amended Answer to the entire Complaint in this Court's chambers on or before that March 9 date (with a copy to be transmitted contemporaneously to plaintiffs' counsel).

Finally, when a private lawyer exhibits similar noncompliance with any of the most basic principles of federal pleading, it usually makes sense to prohibit counsel from charging an innocent client for the time and expense involved in doing things over again a second time (or, as in this instance, a third time). Here counsel are employed in a public law office, so that the extra wasted effort involves no incremental costs to the client. But it seems fitting at a minimum that counsel should deliver copies of this opinion and of the February 23 opinion to the client--the County Board--for its information, and this Court so orders.

<span style="margin-left: 50%">*/s/ Milton I. Shadur*</span>
Milton I. Shadur
Senior United States District Judge

Date:   February 25, 2005

---

[1] Understandably, County's counsel were unaware of that ruling when they prepared and filed the AA, so they are of course not to be faulted for any portions of the AA that are at odds with that ruling.